UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC McENTARFER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROSEMARY EMORY, JENNIFER BERGIN, BENJAMIN HARMER, PATRICIA MIGLIURI,<br><br>　　　　　Defendants. | Case No. 1:26-cv-00308-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Eric McEntarfer filed a pro se prisoner Complaint that is subject to screening. The Court is required to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Having reviewed Plaintiff's filings, the Court issues the following Order dismissing this case with prejudice for monetary damages on absolute judicial immunity grounds. "With prejudice" means that Plaintiff cannot bring these claims again.

**REVIEW OF COMPLAINT**

**1. Background**

Plaintiff names Twin Falls County Court district and magistrate judges as

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

Defendants. He asserts that they violated his civil rights by allowing him to be criminally prosecuted for violation of a civil protection order issued in a different county and by setting a $250,000 bond in the criminal case. Petitioner states that he is proceeding pro se in the state criminal matter, and the judges refuse to give him any legal help. In this action, he seeks monetary damages. Dkt. 3 at 2.

## 2. Judicial Immunity

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).[1] Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). Therefore, to determine whether an act is judicial in nature so that absolute immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Sparkman*, 435 U.S. at 362.

Idaho district court judges have original jurisdiction over all cases and proceedings in Idaho. I. C. § 1-705. Magistrate judges have jurisdiction to hear criminal misdemeanor and quasi-criminal actions. I.C. § 1-2208. By statute, state magistrate judges may be assigned to preside over "[p]roceedings for the preliminary examination to determine

---

[1] Judicial officers are also entitled to absolute immunity from claims for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In other words, if declaratory relief in an action is available, absolute judicial immunity bars any claims for injunctive relief in that action. *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

probable cause, commitment prior to trial or the release on bail of persons charged with criminal offenses." I.C. § 1-2208(3)(d).

In state criminal Case No. CR45-25-11574, nothing on the docket shows that Plaintiff is being prosecuted under a nonexistent statute or invalid legal principle. Idaho Code § 39-6312 provides that violating a protection order is a misdemeanor crime. Thomas D. Kershaw Jr. (not a defendant here) is the presiding judge. Defendant Judge Benjamin D. Harmer conducted the arraignment. In Case CR42-25-11574, Plaintiff is proceeding pro se. *See* https://preview.icourt.idaho.gov/case/CR42-25-11574/county/Twin%20Falls (accessed 6/5/2026).

In state criminal Case No. CR42-26-0828, Plaintiff is being prosecuted under Idaho Code § 18-7905 & 18-7906, which provide that first degree stalking is a felony crime. Twin Falls County District Judge R. William Hancock presides over the felony case, CR42-26-0828 (not a defendant here). Defendant Judge Rosemary Emory presided over the motion for bond reduction in this criminal case. Defendant Judge Jennifer Bergin was to preside over an earlier motion for bond reduction, but that hearing was cancelled. Defendant Magistrate Judge Patricia Migliuri presided over the preliminary hearing. Plaintiff is not proceeding pro se in Case No. CR42-26-0828. He requested that his attorney be withdrawn, but changed his mind. *See* https://preview.icourt.idaho.gov/case/CR42-26-0828/county/Twin%20Falls (accessed 6/5/2026).

Plaintiff's Complaint asserts actions that are clearly judicial functions over which these judges have jurisdiction: presiding over criminal matters, setting bond and bail conditions, and determining whether a defendant will proceed with counsel or pro se.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

Therefore, the claims for monetary damages are subject to judicial immunity, and amendment would be futile.

### ORDER

**IT IS ORDERED** that the Complaint for monetary damages is DISMISSED with prejudice on judicial immunity grounds.

DATED: June 16, 2026

_____

David C. Nye
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4